# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| TEODORO ROMERO, | § | |
|     Plaintiff, | § | |
| v. | § | NO. EP-16-CV-0504-LS |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of Social Security | § | |
| Administration, | § | |
|     Defendant. | § | |

## MEMORANDUM OPINION

Plaintiff Teodoro Romero appeals the denial of his applications for disability insurance benefits and supplemental security income under 42 U.S.C. § 405(g). The parties consent to my determination of the case under 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules for the Western District of Texas. I **AFFIRM** the Commissioner's decision denying Romero's applications.

## I. Facts and Proceedings

Romero alleges he became disabled on March 1, 2009 because of diabetes, glaucoma, arthritis, and insomnia.[1] An Administrative Law Judge ("ALJ") held a hearing on May 7, 2015[2] and heard testimony from Romero, who was represented by counsel, and from a vocational expert. In an opinion dated June 9, 2015, the ALJ determined that Romero was not disabled within the meaning of the Social Security Act.[3] The Appeals Council denied his request for review, making the decision of the ALJ the final decision of the Commissioner.[4]

Romero argues in this appeal that the ALJ did not correctly utilize the findings that Dr.

---

[1] R:220, 224.
[2] R:32-49.
[3] R:16-25.
[4] R:1-3.

Cesar Garcia made during a one-time disability consultation exam.[5] This error, he argues, caused a mistake in the determination of Romero's residual functional capacity (what he can still do workwise), ruining the disability analysis.[6]

## II. Discussion

### A. Legal Standards

Judicial review of the Commissioner's decision is limited to two inquiries: 1) whether the decision is supported by substantial evidence on the record as a whole; and 2) whether the Commissioner applied the proper legal standards. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id.*

In evaluating a disability claim, the Commissioner must follow a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe medically determinable physical or mental impairment; (3) the claimant's impairment meets or equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the claimant can perform other relevant work. 20 C.F.R. §§ 404.1520, 416.920; *Boyd v. Apfel*, 239 F.3d 698, 704-05 (5th Cir. 2001).

Courts utilize four elements of proof to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Perez*, 415 F.3d at 462. A court cannot, however, reweigh the

---

[5] R:296-302.
[6] ECF No. 13, at 8.

evidence or try the issues *de novo*. *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985). The Commissioner, not the courts, must resolve conflicts in the evidence. *See Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983).

### B. Residual Functional Capacity

Residual functional capacity, or RFC, is the most an individual can still do despite his or her limitations. 20 C.F.R. §§ 404.1545, 416.945. The responsibility to determine a claimant's RFC belongs to the ALJ. 20 C.F.R. §§ 404.1546, 416.946; *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). The ALJ must consider a claimant's abilities despite his or her physical and mental limitations based on the relevant evidence in the record. *Perez*, 415 F.3d at 461-62. The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545, 416.929, 416.945. An RFC finding is used to determine if the claimant can still do his past jobs. *Perez*, 415 F.3d at 462. If unable, the RFC is then used to determine whether he can do other jobs in the national economy. *Id*.

### C. The ALJ's Findings

In this case, the ALJ found that Romero had severe impairments that included of diabetes, obesity, anxiety disorder, and affective disorder.[7] None, however, were severe enough to meet or equal an impairment listed in the appendix to the regulations.[8] The ALJ found that Romero could still do "medium work,"[9] with certain mental limitations and physical limitations regarding balancing, kneeling, crouching, crawling, and climbing ramps, stairs, ladders, ropes, and

---

[7] R:18.
[8] R:19.
[9] R:21. "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. §§ 404.1567(c); 416.967(c).

scaffolds.[10] Using vocational expert testimony, he determined that Romero could still do his old job as a laundry presser/machine ironer,[11] as well as other jobs in the national economy.[12] Accordingly, he found Romero not disabled and not entitled to disability insurance benefits or supplemental security income.[13]

### D.   Back Problems

Romero argues that when generating his RFC the "ALJ failed to include all limitations relating to [his] back impairment,"[14] and that this mistake arose because the ALJ "essentially ignor[ed] Dr. Garcia's opinion."[15] Romero argues that if the ALJ had properly accounted for his back impairment limitations, he "would have found [Romero] unable to perform Medium work and [Romero] would have been found disabled."[16] I note as an initial matter that Romero did not apply for disability based on any alleged back impairment.[17]

Dr. Cesar Garcia conducted a one-time "Internal Medicine Exam For Disability Evaluation"[18] for Romero in March 2013. Romero reported to Dr. Garcia that his diabetes, high blood pressure, gout, and vision problems affected his ability to work, but made no mention of any back problem.[19] Dr. Garcia found full muscle strength in every strength test he performed on Romero.[20] He also found maximum range of motion in every test he performed except for the thoraco-lumbar (mid-to-lower back) region, which exhibited only mildly diminished ranges of

---

[10] *Id*.
[11] R:23.
[12] R:24.
[13] R:25.
[14] ECF No. 13, at 4.
[15] *Id*. at 6.
[16] *Id.* at 8-9.
[17] *See* R:224.
[18] R:296-302.
[19] R:296-297.
[20] R:299.

motion: Flexion – 70 (normal = 90); Extension – 20 (normal = 25); Lateral Flexion – 20 (normal = 25).[21] Dr. Garcia described this as "a mild decrease in range of thoracolumbar spine."[22] Dr. Garcia concluded that Romero's back pain, leg pain, and obesity generated mild limitations with respect to sitting and standing, and moderate limitations with respect to walking, lifting, and carrying weight.[23] He also found that Romero could only occasionally bend, stoop, crouch, and squat.[24]

Even though Dr. Garcia noted an "asymmetric gait" and back and leg pain in March 2013, Romero was reporting no pain for months before and after March 2013. The ALJ noted that medical records from April and July 2013[25] reflect a normal gait and stance and no pain whatsoever (pain was "0 out of 10"). These same normal findings extended into January 2014,[26] and in July 2014[27] Romero was still reporting no pain and no complaints. I also note that Romero was reporting no pain (again, a "0 out of 10") long before Dr. Garcia's exam in November 2010, June and October 2011, and February, June, and October, 2012.[28]

Even though Romero's medical records from treating medical providers show no pain and no back problems for months before and after Dr. Garcia's March 2013 exam, the ALJ nevertheless incorporated Dr. Garcia's opinions into Romero's RFC. The ALJ found Romero had "medium work" limitations with respect to climbing, balancing, kneeling, crouching, and

---

[21] R:300.
[22] R:301.
[23] *Id*.
[24] *Id*.
[25] R:22, referring to R:311 (April 2013) and R:380-81 (July 2013).
[26] R:495.
[27] R:506.
[28] R:340 (November 2010); R:332 (June 2011); R:328 (October 2011); R:324 (February 2012); R:320 (June 2012); and R:316 (October 2012).

crawling[29] which are consistent with and incorporate the sitting, standing, walking, lifting, carrying, bending, stooping, crouching, and sitting limitations Dr. Garcia found.[30]

### E.     Obesity

The Commissioner's brief addresses Romero's obesity, but Romero's brief does not articulate a clear argument about how his obesity relates to any alleged error in the ALJ's decision. The ALJ found that Romero's obesity is a "severe impairment,"[31] and found that his "obesity account[s] for the…limitations" on Romero doing "medium work."[32] The ALJ is required to consider the effects of obesity when assessing RFC, and he did so in this case. *See* Social Security Ruling 02-1p.

The ALJ properly considered all of the opinion and medical evidence in this case, and substantial evidence supports his decision. I find no legal error, and the decision of the Commissioner is **AFFIRMED**.

**SIGNED** and **ENTERED** on October 31, 2017.

_____
**LEON SCHYDLOWER**
**UNITED STATES MAGISTRATE JUDGE**

---

[29] R:21.
[30] R:301.
[31] R:18.
[32] R:23.